# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMMANUEL ADEYINKA,
    Plaintiff,

v.

PHILADELPHIA, PA, *et al.*,
    Defendants.

CIVIL ACTION NO. 18-CV-3253



FILED NOV 13 2018 KATE BARKMAN, Clerk By_____Dep. Clerk

## MEMORANDUM

**TUCKER, J.**                                                                                                                  **NOVEMBER 9, 2018**

On July 12, 2018, *pro se* Plaintiff Emmanuel Adeyinka filed this civil action pursuant to 42 U.S.C. § 1983 against "Philadelphia, PA," the Curran-Fromhold Correctional Facility, and Mr. Summer. (ECF No. 2.) He also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) By Order entered on August 7, 2018, the Court granted Adeyinka leave to proceed *in forma pauperis*, dismissed the Curran-Fromhold Correctional Facility as a Defendant, and directed service of the Complaint on the remaining Defendants. (ECF No. 4.) The Defendants have not yet appeared.

In August, Adeyinka filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 5) and a Motion for Appointment of Counsel (ECF No. 6). Upon further review of Adeyinka's Complaint, it is apparent to the Court that it is time-barred, as Adeyinka is complaining of events that occurred in 2008. Accordingly, for the following reasons, the Court will dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),[1] deny his Motion for Leave to Proceed *In Forma Pauperis* as unnecessary, and deny his Motion for Appointment of Counsel.

---

[1] Pursuant to this section, a court "shall dismiss [an *in forma pauperis*] case **at any time** if the court determines that" it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

## I. FACTS

Adeyinka alleges that he was incarcerated at the Curran-Fromhold Correctional Facility in July or August of 2008. (Compl. at 6.)[2] During that time, he was playing basketball during a recreation period and started to argue with another inmate. (*Id.*) Adeyinka alleges that the other inmate hit him. (*Id.*) Officer Summer then grabbed Adeyinka, threw him on the ground, and started to punch him. (*Id.*) Adeyinka also contends that Officer Summer sprayed mace in his eyes. (*Id.*) He suffered cuts and bruises, as well as a rash from the mace. (*Id.* at 7.) Adeyinka states that he submitted grievances about the incident. (*Id.* at 6.) He indicates that he is asserting a claim for an Eighth Amendment violation (*id.* at 5), and seeks $2.1 million (*id.* at 7).

## II. STANDARD OF REVIEW

As noted above, the Court previously granted Adeyinka leave to proceed *in forma pauperis*. Accordingly, the Court must dismiss the Complaint subject to 28 U.S.C. § 1915(e)(2)(B)(ii) if it fails to state a claim for relief. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by, Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As

---

[2] The Court uses the pagination assigned to Adeyinka's Complaint by the CM/ECF docketing system.

Adeyinka is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Pennsylvania's two-year limitations period applies to Adeyinka's claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Adeyinka's claim accrued when he "ha[d] a complete and present cause of action, that is, when [he could] file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted).

Here, Adeyinka's claim accrued in July or August of 2008, when he alleges Officer Summer used excessive force against him. *See LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (per curiam). Thus, the limitations period for this claim expired in 2010. Adeyinka, however, did not file his Complaint until July 12, 2018, eight (8) years after the incident of which he complains. Moreover, while Adeyinka is entitled to tolling of the statute of limitations for the time it took him to exhaust his administrative remedies, *see Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015), it belies belief that it took Adeyinka eight (8) years to exhaust such remedies such that his claim would be timely filed. Thus, his Eighth Amendment claim is time-barred.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Adeyinka's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Adeyinka will not be permitted to file an

---

[3] Nothing in the Complaint suggests that any other basis for tolling would apply to render the Complaint timely filed.

3

amended complaint, as amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Adeyinka's second Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 5) will be denied as unnecessary. His Motion for Appointment of Counsel (ECF No. 6) will be denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

**BY THE COURT:**

*[signature]*
**PETRESE B. TUCKER, J.**